IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES D. INGMIRE, JR.,
    Plaintiff,

vs.                                             Case No.: 3:11cv385/RV/CJK

DAVID MORGAN, et al.,
    Defendants.

_____

## ORDER
## AND REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Plaintiff commenced this civil rights action on August 18, 2011, by filing a complaint under 42 U.S.C. § 1983, and a motion to proceed *in forma pauperis*. (Docs. 1 & 2) Plaintiff's motion to proceed *in forma pauperis* was found to be deficient and he was given thirty (30) days to file a fully completed prisoner consent form, or pay the filing fee of $350.00. (Doc. 5) However, no response was received from plaintiff and a show cause order was issued giving plaintiff fourteen (14) days to show cause why this case should not be dismissed for failure to prosecute and failure to comply with an order of the court. (Doc. 6) To date, plaintiff has failed to respond to any court orders or explain his inability to do so. Moreover, plaintiff has made no further filings in his case since filing his initial pleadings.

Accordingly, it is ORDERED:

*Page 2 of 2*

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to prosecute and failure to comply with orders of the court.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 14th day of December, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).